```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

BILLY JOE MILES

    Plaintiff,

vs.                                           No. 13-1082-JDB-dkv

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

    REPORT AND RECOMMENDATION AFFIRMING THE DECISION OF THE
                          COMMISSIONER

_____

The plaintiff, Billy Joe Miles ("Miles"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. In his motion for judgment on the pleadings, Miles argues that the Administrative Law Judge ("ALJ") erred at step two of the analysis, made an improper credibility determination, and made a procedural error. Miles's motion has been referred to the United States Magistrate Judge. (ECF No. 19.) For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

I. PROPOSED FINDINGS OF FACT

A.   Procedural History

On September 8, 2009, Miles applied for disability insurance benefits and supplemental security income, alleging that his disability commenced on September 1, 2008. (R. at 35-36, 86-94.) His claims were denied initially and again upon reconsideration. (*Id.* at 35-50.) Miles requested a hearing which was held on April 5, 2011 before ALJ William Jenkins, III ("ALJ Jenkins"). (*Id.* at 22-34.) On December 2, 2011, ALJ William R. Ingram ("ALJ Ingram") signed a written decision on behalf of ALJ Jenkins finding Miles not disabled. (*Id.* at 9-17.) Miles appealed ALJ Jenkins's decision to the Social Security Appeals Council which denied his request for review. (*Id.* at 1-6.) Accordingly, the December 2, 2011 decision became the Commissioner's final decision. On March 5, 2013, Miles filed the present lawsuit, seeking judicial review. (Compl., ECF No. 1.)

B.   Factual Background

Miles was born on May 23, 1950 and was 58 years old on his alleged disability onset date of September 1, 2008. (R. at 86.) He has a seventh-grade education and has previously worked at an auto repair shop. (*Id.* at 121, 119.) In an undated disability report, Miles claimed he became disabled on September 1, 2008 due to arthritis and a problem with his arm and hand. (*Id.* at

2

118.)  In pain questionnaire reports, Miles alleged constant pain in his arms, hands, and legs that was worse on his right side.  (*Id.* at 131, 138.)  At the hearing, Miles alleged difficulty breathing, headaches, and constant pain in his right arm and leg.  (*Id.* at 27-31.)  In a function report dated October 5, 2009, Miles stated that his pain interfered with his ability to take care of himself, do housework, prepare meals, handle money, and engage in social activities.  (*Id.* at 123-28.)  Miles alleged that his pain affected almost all the listed limitations in the function report.  (*See id.* at 128.)

The record contains medical treatment records from Crockett County Health Department ("Health Department") from November 3, 2009 to March 24, 2010, where he was seen on five occasions by Lisa Hunt ("Nurse Hunt"), registered nurse and advanced practice nurse.  (*Id.* at 183-92, 211-21).[1]  There are no other medical treatment records in Miles's file.

On October 13, 2009, Miles was examined by Tennessee Disability Determination Services ("DDS") consultative physician Dr. Donita Keown, M.D. ("Dr. Keown"), who performed a physical exam and completed a medical source statement, discussed *infra*.  (*Id.* at 170-78.)  DDS medical consultants Christopher Fletcher, M.D. ("Dr. Fletcher") and Celia Gulbenk, M.D. ("Dr. Gulbenk") submitted medical consultant analyses in which they each opined

---

[1]These records will be discussed in detail *infra*.

3

that Miles's physical impairments are not severe. (*Id.* at 179-82, 207-10.)

Following Miles's testimony at his hearing, ALJ Jenkins discussed the Medical-Vocational Guidelines ("GRIDS") with Miles's attorney and stated that he believed Miles would fall under Grid 202.03. (*Id.* at 33.)

C.  The ALJ's Decision and the Five-Step Analysis

The ALJ rendered his decision on December 2, 2011. (R. at 9.) Using the five-step disability analysis,[2] the ALJ concluded that Miles was not disabled at any time through the date of his decision. Under the first step of the sequential analysis, the claimant must not be engaged in substantial gainful activity for a period of not less than twelve months. *See* 20 C.F.R. § 404.1520(b).[3] At this first step, the ALJ found that Miles has

---

[2] Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520 & 416.920. The Social Security Act defines disability as the inability to engage in substantial gainful activity which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

[3] Title XVI of the Act, 20 C.F.R. § 416.901, *et seq.*, which governs supplemental security income claims, is virtually identical to Title II of the Act, 20 C.F.R. § 404.1501, *et seq.*,

4

not engaged in substantial gainful activity since September 1, 2008, the alleged onset date. (R. at 14.)

At the second step, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ concluded at the second step that Miles does not have an impairment or combination of impairments that has significantly limited his ability to perform basic work-related activities for twelve consecutive months, and therefore, he does not have a severe impairment. (R. at 14.) Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4). Therefore, the ALJ did not go through the remaining steps of the analysis and concluded that Miles had not been under a disability from September 1, 2008 through the date of his decision. (R. at 17.)

The ALJ considered various factors in arriving at his decision, such as: (1) the record contains no laboratory evidence (such as, MRIs, x-rays, nerve conduction tests) documenting any pathology that could lead to pain; (2) Miles did not receive any ongoing treatment for his alleged symptoms; (3) Dr. Keown's physical examination was normal; (4) Miles's daily activities are not reflective of incapacitating degree of pain or weakness; (5) and there was no evidence of symptoms

---

which governs disability insurance benefits claims.

5

persisting for twelve continuous months because the record documents Miles's physical condition over a period of six months. (*Id.* at 15-16.)

The ALJ gave great weight to the DDS medical consultants' opinions. (*Id.* at 16.) The ALJ gave no evidentiary weight to Dr. Keown's opinion, finding that it was not supported by her own findings and the record as whole but instead it was based on Miles's own reports of symptoms. (*Id.* at 16-17.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision, and whether the Commissioner used the proper legal criteria in making the decision. 42 U.S.C. § 405(g); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant

6

evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record taken as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" *Abbott*, 905 F.2d at 923 (quoting *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." *Barker*, 40 F.3d at 794 (quoting *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony. *Walter v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990).

On appeal, Miles contends that: (1) ALJ Ingram was not authorized to sign the decision on behalf of ALJ Jenkins; (2)

ALJ Jenkins erred at step two by not finding Miles's impairments to be severe; (3) ALJ Jenkins's credibility determination violated SSR 96-7P; and (4) ALJ Jenkins's statements during the hearing are inconsistent with his ultimate decision. (*See* Mot. for J. on the Pleadings, ECF No. 15.)

B. Whether Remand is Warranted Based on ALJ Ingram's Signing of the Decision and ALJ Jenkins's Inconsistent Statements During the Hearing

In his first argument, Miles argues that there is no documentation in the record indicating that ALJ Jenkins had approved the decision and given signatory authority to ALJ Ingram as required by the agency's Hearing, Appeals, and Litigation Law Manual (HALLEX) § 1-2-8-40. (Miles's Br. 7, ECF No. 16.) HALLEX "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council [,] and Civil Actions levels." *Engelhart v. Comm'r of Soc. Sec.*, No. 2:15-CV-2937, 2017 WL 780606, at *5 (S.D. Ohio Mar. 1, 2017); *see also Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008). HALLEX § 1-2-8-40(B) allows the Hearing Office Chief ALJ to reassign the case to another ALJ who may hold another hearing if necessary.[4] HALLEX § 1-2-8-40(C), the provision at issue here, allows the Hearing Office Chief ALJ to sign the final draft decision

---

[4] *See* Social Security, HALLEX I-2-8-40, available at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-8-40.html

8

approved by the hearing ALJ on his behalf with prior authorization, which should be kept in the claimant's folder.

The prior authorization is not included in Miles's folder and thus the court cannot determine whether the Commissioner complied with § 1-2-8-40. Nevertheless, HALLEX is not considered binding authority in the Sixth Circuit and does not create a procedural due process issue. *Bowie*, 539 F.3d at 399; *Engelhart*, 2017 WL 780606, at *5 ("HALLEX guidelines, however, do not bind the courts in this circuit . . . [and] no procedural due process rights arise from HALLEX procedures."); *Beason v. Comm'r of Soc. Sec.*, No. 1:13-CV-192, 2014 WL 4063380, at *9 (E.D. Tenn. Aug. 15, 2014)("The procedural guidelines in the HALLEX manual are not binding on the courts."); *Estep v. Astrue*, No. 2:11-0017, 2013 WL 212643, at *11 (M.D. Tenn. Jan. 18, 2013), *report and recommendation adopted sub nom. Estep v. Colvin*, No. 2:11-CV-00017, 2013 WL 2255852 (M.D. Tenn. May 22, 2013)("However, even if the Commissioner did not comply with section I-2-8-40, HALLEX is not considered binding authority in the Sixth Circuit."); *Hedden v. Comm'r of Soc. Sec.,* 2011 WL 7440949, at *10 (W.D. Mich. Sept. 6, 2011)("[T]he Court is aware of no controlling authority holding that the HALLEX regulations carry the force of law such that failure to act in conformity therewith is a sufficient basis for relief."); *Kendall v. Astrue,* 2010 WL 1994912, at *4 (E.D. Ky. May 19, 2010)("HALLEX

9

does not create a procedural due process issue as do the Commissioner's regulations in the Code of Federal Regulations."). Therefore, failure to follow HALLEX procedures does not warrant reversal.

"Nonetheless, some courts have granted relief where the procedures were not followed *and where the plaintiff demonstrates prejudice* from the failure to follow procedures." *Beason*, 2014 WL 4063380, at *10; *Kendall,* 2010 WL 1994912, at *4 (requiring a "convincing showing of prejudice"); *see also Estep*, 2013 WL 212643, at *11.

Here, Miles requests remand due to the missing authorization but he has not argued or convincingly shown prejudice and none is apparent from the record. In fact, there can be no prejudice in cases like the instant "where the ALJ who presides at the hearing writes the decision and a second ALJ merely signs the decision for the presiding ALJ." *Beason*, 2014 WL 4063380, at *10. As indicated in HALLEX § 1-2-8-40(C), the hearing decision had been prepared by the presiding ALJ Jenkins and ALJ Ingram merely signed it. *See also Blankenship v. Comm'r of Soc. Sec.*, No. 114CV01012STATMP, 2017 WL 396763, at *4 (W.D. Tenn. Jan. 30, 2017)(finding the claimant was not prejudiced by the mere fact that a non-presiding ALJ signed the decision for the presiding ALJ); *Kendall,* 2010 WL 1994912, at *4 (finding there was "not a convincing showing of prejudice" when a second

10

ALJ "signed for" the presiding ALJ; "[t]he implication of such a format of signature is that the hearing decision had been prepared by" the presiding ALJ and signed in his absence).[5] Accordingly, this argument is without merit.

In his last argument, Miles requests remand for proper clarification of the inconsistencies between what ALJ Jenkins said at the hearing and his ultimate decision. (Miles's Br. 11-12, ECF No. 16.)  Specifically, at the hearing, ALJ Jenkins indicated that he would find Miles disabled pursuant to the GRID rules. (R. at 32-33.)  However, in his ultimate decision, ALJ Jenkins found that Miles was not disabled at step two of the analysis. (*Id.* at 14-17.)

It is the ALJ's written decision, not his statements at the hearing, that is binding and subject to review. *Huff v. Barnhart*, 126 F. App'x 85, 87-88 (4th Cir. 2005); *Johnson v. Comm'r of Soc. Sec.*, No. 4:10 CV 499, 2011 WL 1337272, at *9 (N.D. Ohio Mar. 8, 2011), *report and recommendation adopted*, No. 4:10 CV 499, 2011 WL 1326370 (N.D. Ohio Apr. 7, 2011)(noting that the ALJ "was entitled to change his mind [regarding the claimant's credibility] after he had all the evidence").

---

[5] Courts have found prejudice where the second ALJ writes and signs the decision pursuant to HALLEX § 1-2-8-40(B) and when the decision relies on observations of the plaintiff's demeanor at the hearing in making a credibility determination. *Beason*, 2014 WL 4063380, at *10(citing *Cohan v. Comm'r of Soc. Sec.*, 2011 WL 3319608, at *4-6 (M.D. Fla. July 29, 2011)).

11

Miles also argues that because ALJ Jenkins indicated at the hearing that he found Miles disabled, "it was not harmless error for a Judge other than the Judge who presided at the hearing, to sign [a contrary] decision." (Miles's Br. 12, ECF No. 16.) Miles's argument would have some merit if ALJ Ingram had written the opinion himself while relying on the hearing held by ALJ Jenkins. However, that is not the case. The final draft decision was written by ALJ Jenkins and ALJ Ingram only signed it. *See* HALLEX § 1-2-8-40(C)(permitting a Hearing Office Chief ALJ to sign the final decision where the ALJ who conducted the hearing has written and approved the draft decision but is unavailable to sign it). As explained above, ALJ Jenkins was entitled to change his mind after considering all the evidence in the record. Therefore, ALJ Jenkins's inconsistent statements at the hearing are not grounds for remand.

C. Whether the ALJ Erred by Not Finding Miles's Impairments to be Severe at Step 2

Miles next argues that the ALJ erred by failing to properly consider all of Miles's impairments and by failing to provide sufficient reasons for not finding his impairments to be severe. (Miles's Br. 7-8, ECF No. 16.) An impairment is considered severe if it has "more than a minimal effect" on the claimant's ability to do basic work activities. SSR 96-3p, 1996 WL 374181, at *1 (July 2, 2996); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d

12

234, 243 n.2 (6th Cir. 2007)("Step two has been described as a 'de minimus hurdle'"). In other words, if an impairment is a slight abnormality that minimally affects work ability, that impairment is considered nonsevere. *See also Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

Here, although Miles's burden at step two is *de minimis*, there is substantial evidence to support ALJ Jenkins's decision. As ALJ Jenkins noted, there is no objective medical evidence (such as x-rays, MRIs, nerve conduction tests, etc.) or clinical findings to support any pathology (arthritis, stroke, etc.) that might produce Miles's alleged pain or weakness. *See* 20 C.F.R. § 404.1529(c)(2)("Objective medical evidence [] is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."); *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 836 (6th Cir. 2005)(finding headaches were not severe based partly on a lack of objective evidence supporting claimant's alleged headaches). A CT scan of Miles's abdomen and pelvic showed degenerative changes in his lumbar spine but, because Miles denied having any pain, Nurse Hunt deemed him "asymptomatic." (R. at 218.) The CT scan also showed plaque in Miles's pelvic arteries but Miles had no symptoms of reduced blood flow such as pain, coolness, or decreased pulse. (*Id.*) Miles argues that

13

treatment notes from the Health Department show "right sided weakness secondary to a CVA [cerebrovascular accident, i.e., stroke] and arthritis of multiple joints," (Miles's Br. 8, ECF No. 16). These alleged impairments, however, appear in the review of systems (ROS) or past medical history (PMH) sections and were not diagnosed by the Health Department. (*Id.* at 185-86.)

Miles's scarce treatment history also supports ALJ Jenkins's decision. Miles reported passing out in 2007 after having right-side weakness, but he did not seek any treatment and he indicated that his strength returned in two days. (*Id.* at 186.) Miles sought medical treatment only on five occasions at the Health Department, and his physical examinations were consistently normal. (*Id.* at 183, 211, 214, 219.) Miles reported only using Tylenol, BC Powder, a heating blanket, and a relative's muscle relaxants for his pain. (*Id.* at 170.) The infrequent treatment history and mild medication regimen support the ALJ's finding that Miles's impairments are not severe. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 631 (6th Cir. 2016)(stating that the claimant's conservative treatment and lack hospitalization undermined doctor's proposed limitations); *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013)(stating that conservative or routine treatment "suggests the absence of a disabling condition"); *McKenzie v. Comm'r of*

14

*Soc. Sec.*, 215 F.3d 1327, No. 99–3400, 2000 WL 687680, at *4 (6th Cir. May 19, 2000)("Plaintiff's complaints of disabling pain are undermined by his non aggressive treatment."); *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990)(stating that use of mild medication was inconsistent with complaints of disabling pain).

Dr. Keown's physical exam also supports ALJ Jenkins's decision. Dr. Keown's findings were generally normal. She observed that Miles had full range of motion in his hips, elbows, wrists, and hands, no joint inflammation, full strength, and normal reflexes. (*Id.* at 172.) Although Miles alleges weight loss as a symptom of his impairments, at this examination, Miles denied weight loss. (*Id.* at 170-71.) DDS medical consultants, Dr. Fletcher and Dr. Gulbenk, were in agreement that Miles's impairments were not severe. (*Id.* at 179-82, 207-10.)

Lastly, Miles has not shown that he has an impairment that has lasted for a continuous twelve months. 20 C.F.R. § 404.1512 states that it is the claimant's responsibility to provide medical evidence showing that he has an impairment that is severe enough to be disabling. 20 C.F.R. § 404.1505 provides that to be disabling, that impairment must prevent the claimant from performing work for twelve continuous months. Miles has provided medical evidence indicating that he sought treatment

15

for his impairments only five times at the Health Department over a course of less than five months, from November 2009, (*id.* at 186), to March 24, 2010, (*id.* at 212).  Miles alleges a disability onset date of September 1, 2008. He did not seek treatment, however, until November 2009, over a year later. Additionally, Miles did not seek treatment after March 24, 2010, more than a year prior to his hearing date of April 5, 2011. The treatment records from Health Department are simply insufficient to show any significant abnormalities that lasted for twelve continuous months.

For these reasons, there is substantial evidence to support the ALJ's decision at step two of the analysis and remand is not warranted on this basis.

D.   Whether the ALJ Erred in His Credibility Determination

Miles argues that ALJ Jenkins did not adequately assess his credibility as required by SSR 96-7P, 1996 WL 374186 (July 2, 1996) because he made a conclusory statement rather than making specific findings and explaining the reasons for the credibility finding.  (Miles's Br. 10, ECF No. 16.)

The ALJ's assessment of credibility is accorded great weight and deference, and his assessment need only be supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Beavers v. Sec'y of Health, Educ. and Welfare,* 577 F.2d 383, 386–87 (6th Cir. 1978).  The court

must affirm a credibility assessment that is supported by substantial evidence even if the evidence could support a contrary decision. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 393 (6th Cir. 2010); *Blakley*, 581 F.3d at 406 ("The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."). In evaluating a claimant's credibility, the ALJ may consider factors such as information submitted by the treating physicians and others, the claimant's daily activities, the location, duration, frequency, and intensity of the symptom, the medication the claimant takes, and other relevant evidence contained in the record. *See* 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186, at *2-3.

SSR 96-7P further explains the § 404.1529(c) factors to be considered in assessing the credibility of an individual's statements about symptoms and states the importance of explaining the reasons for the credibility findings. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight." SSR 96-7p, 1996 WL 374186, at *2.

Here, it is sufficiently clear that the ALJ did not give weight to Miles's statements about his disabling symptoms and he provided specific reasons for the credibility findings. The ALJ considered Miles's allegations and found them inconsistent with several § 404.1529(c) factors such as Miles's limited treatment history, the objective medical evidence, the medication he was taking, Miles's daily activities, and the opinion evidence. (*See* R. at 15-16 and discussion *supra* Section II.C.)  Therefore, the ALJ's credibility determination is sufficiently supported. *See Rogers*, 486 F.3d at 248("Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004)(stating that the ALJ may find the claimant not credible if there are "contradictions among the medical reports, claimant's testimony, and other evidence").  For these reasons, remand is not warranted on this basis.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Commissioner's decision be affirmed.

Respectfully submitted this 22nd day of March, 2017.

18

```
                              s/ Diane K. Vescovo
                              DIANE K. VESCOVO
                              CHIEF UNITED STATES MAGISTRATE JUDGE
```

                              NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.